## ROBERTS *vs.* COOK, sheriff, *et al.*

1. Where a petition for a homestead was signed by the attorney of the applicant, and verified by the affidavit of the latter, it was not void.
2. Where a homestead was asked for the benefit of a wife and children, a failure to allege the age of the wife did not render the proceeding void.
3. A petition which stated that the applicant claimed a homestead as head of a family, and then stated of whom that family consisted (his wife and children), was sufficiently explicit in showing who were the beneficiaries for whom the homestead was asked.
4. If the record of a homestead proceeding shows that a non-resident creditor's name and address were returned by the applicant to the ordinary, and in proper time a notice with stamped envelope was delivered to the ordinary for mailing, notice is sufficiently shown. The presumption is that the ordinary did his duty.
5. That the return of the surveyor on an application for homestead appeared to be on the day set for the hearing would have been good ground for allowing time to investigate the return, but did not render the proceeding void. Especially not at the instance of one who bought the land at a sheriff's sale, subject to the pending application for homestead.

Homestead. Pleading. Before Judge SIMMONS. Appling Superior Court. October Term, 1881.

Roberts ruled the sheriff to show cause why the latter did not put him in possession of certain land bought by him at a sheriff's sale. The sheriff answered that the property had been set apart to defendant in *fi. fa.* as a homestead for the benefit of his wife and minor children, that application had been made and was pending at the time of the sale, that notice was given, and the purchaser bought subject to the homestead which had since been granted. The answer was traversed solely on the ground that no legal homestead had been granted.

By consent of counsel, the question was submitted to the judge without a jury.

The application for the homestead was as follows:

"STATE OF GEORGIA—Appling county.

*To the Honorable Silas 'A. Crosby, ordinary of said county:*

The petition of Christopher C. Leggett, of said county, respectfully showeth that he is the head of a family residing in said county, which family consists of Mrs. Henrietta P. Leggett, his wife, and the following named children (minors) residing with and supported, maintained and educated by him, to-wit: Mary Etta Leggett, aged five years; Nancy Virginia Leggett, aged three years, and Georgia Ann Leggett, aged one year. And your petitioner further shows that as such head of a family he is entitled to an exemption of personalty and setting apart of realty, under the constitution of the state of Georgia, whereupon your petitioner humbly prays your honor, the premises considered, to pass a rule or order requiring the county surveyor of said county to lay off and plat one homestead out of the land heretofore designated and described, and also that your honor will pass such rule or order for the publication of this order as is required by the statute in such cases made and provided. And your petitioner further shows unto your honor that the schedule of personalty hereto annexed contains a full and complete schedule of all his personal property, and also that the annexed list or schedule contains all the real estate or lands that he is seized of, and your petitioner also says that the accompanying list contains a list of the moneys, all his creditors and their post-offices, and your petitioner will ever pray etc.,

(Signed)  J. N. BLITCH,
*Attorney for petitioner."*

Attached to this was the affidavit of Leggett verifying the statements made in it. The petition was filed December 2d, 1880, and an order was issued the same day to the county surveyor to survey lands of the applicant.

Attached to the application were schedules of personalty, realty and creditors of applicant. The county surveyor made a return, the affidavit attached to which was dated December 27th, 1880. On that day the homestead was granted. Movant in the present rule contended that the homestead was void on the following grounds:

(1.) That the petition did not state for whose benefit the homestead was sought.

(2.) That said petition did not state the age of Henrietta B. Leggett, petitioner's wife, and also that said petition was not signed by Christopher C. Leggett, but was signed by J. N. Blitch, attorney for petitioner.

(3.) That the record of said homestead proceedings did not show that the petitioner had served notice on his creditors residing in the county of Appling; verified by his oath or the oath of his agent.

(4.) That it did not appear from the record of said homestead proceedings that the surveyor, who laid off and platted the same had made a return to the ordinary five days before the time appointed for the passing upon the application for said exemption—the verification of said return made by the surveyor being on the same day that the homestead was set aside, and there being no entry of filing in office indorsed upon the same.

The court held the homestead good, and discharged the rule; whereupon movant excepted.

ROBERTS & DeLACY; HOLTON & SON, for plaintiff in error.

No appearance for defendants.

JACKSON, Chief Justice.

The sheriff was ruled to show cause why he did not put a purchaser at his sale in possession of a tract of land sold by him. The cause shown was that the property had been set apart to the defendant in execution as the head of his family, consisting of a wife and minor children, and that application for the homestead was made and pending during the sale, and notice thereof was given publicly by the sheriff at the time of the sale, and the purchaser bought subject to the right of homestead. The answer was traversed by the purchaser, the head of the family was made a party to the rule, and the question of law and fact was submitted to the presiding judge without a jury, to determine the validity of the homestead, which was set apart a few weeks after the sheriff's sale. The judgment of the court is that the homestead is valid, and that the rule be discharged. To this judgment exception is taken and error thereon is assigned.

1. The attorney signed the petition for homestead, but the applicant made a written affidavit of the facts therein alleged, and this is one reason insisted on to show the invalidity of the homestead. We think that the court ruled correctly that the fact that the attorney signed it did not render the proceeding void, especially as the applicant made oath of the truth of the petition.

2. Nor is it material that the wife's age was not set out in the application. True the act of December 16th, 1878, does require that the ages of the family be set out, but the only material part of the family as to age is the children, not the wife. See act of 1878-9, p. 99.

It is true that the act of 1876 did require the age of the wife *eo nomine*—supplement to Code, §342; but that is not expressly required in the act of 1878, but only the general words "of the family," and this strengthens our conviction that for no conceivable reason is the wife's age important—certainly not so much as to vitiate the entire proceeding. The wife's homestead right is not dependent on age at the time set apart, nor as regards the duration of the homestead estate. The children's age might be important in both respects.

3. The petition does state substantially for whose benefit the applicant claims homestead, inasmuch as he shows that he claims it as the head of the family, and gives their names, and states one to be his wife and the others his children.

4. It does appear that this purchaser had notice of the application for homestead when he bid off the land, and bought it subject to the notice, and that the plaintiff in execution was returned by the applicant to the ordinary, with his post-office, etc., in compliance with section 343 of supplement to Code, and the presumption is that the ordinary did his duty and mailed the notice. These notices bind this purchaser.

5. Whilst the fact that the surveyor's return was apparently made on the day of the grant of the homestead,

and might have suspended the case for time to look into it, if objected to, it did not render it void, the statute not prescribing such a harsh effect. Creditors should have objected, and only those notified and who could have objected being bound by the judgment, and this purchaser and the plaintiff in execution having the notice required by law, and not objecting, we think are concluded, especially as this purchaser bought subject to homestead, and therefore bought only what the homestead did not take. This last fact alone is enough to rule the case as the judge below did, even if there are irregularities about the proceedings.

Judgment affirmed.